**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK A. NIXON**, | : | CIVIL ACTION NO. 1:12-CV-1154 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JOHN WETZEL, SECRETARY OF PA DOC, et al.,** | : | |
| Defendants | : | |

**MEMORANDUM**

Mark A. Nixon ("plaintiff"), an inmate incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Frackville, Pennsylvania, commenced this civil rights action on June 18, 2012, naming the following defendants: John Wetzel, Secretary of the Pennsylvania Department of Corrections; John Kerestes, Superintendent of SCI- Mahanoy; Mikulski, Grievance Coordinator; Nevis, Business Manager; Tracey Brokenshire, Mail Room Supervisor; B. Ralston, Mail Room Inspector; and, John/Jane Doe, Mail Room Inspector. (Doc. 1.) Plaintiff moves to proceed in forma pauperis. (Doc. 2.) Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.   Allegations of the Complaint**

Plaintiff alleges that on February 17, 2012, he received an "Unacceptable Correspondence" form from the mail room. (Doc. 1, at ¶ 12.) "This form informed the plaintiff that incoming mail sent to him from Prisoner Assistant was confiscated

for reason stated as: 'Other: K. Washington's facebook pages not permitted.' The signature on the form was B. Ralston." (Id. at 13.) He alleges that "Defendant's [sic] Wetzel, Kerestes, Mikulski, Nevis, Brokenshire, Ralston and John/Jane Doe, allege to have been acting in accordance with Department of Corrections Policy-DC-ADM 803, 'Inmate Mail & Incoming Publications' by confiscating plaintiff's mail," which "policy was authored/authorized by the Secretary of the Pa. D.O.C." (Id. at ¶¶ 14, 16.)

He availed himself of the administrative review process by timely filing a grievance. (Id. at ¶¶ 17-23.) He alleges that the mail confiscation policy requires that confiscated mail that is the subject of a grievance "should be held until the exhaustion of grievance or the time has expired to exhaust grievances." (Id. at ¶ 26.) Prior to completion of the administrative review process, he was informed that the piece of mail at issue was destroyed. (Id. at ¶ 23.)

He seeks declaratory and injunctive relief, compensatory and punitive damages, and reimbursement for the costs of the litigation.

## II. Standard of Review

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept

the truth of the plaintiff's factual allegations.  Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."   Ashcroft v. Iqbal, 556 U.S. 662,  129 S.Ct. 1937, 1949 (2009).  The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Iqbal, 556 U.S. 662, 129 S.Ct. at 1949.  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests."  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Twombly, 550 U.S. 544).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal,  556 U.S. 662, 129 S.Ct. at 1949 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly,

550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 556 U.S. 662, 129 S.Ct. at 1949–50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 129 S.Ct. at 1948.

The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949–50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [129 S.Ct. at 1949–50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

4

**III.    Discussion**

In order to prevail on a civil rights claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp. 2d 361, 372 (M.D. Pa. 2001).

Inmates have a liberty interest in their mail under the First and Fourteenth Amendments and their ability to send and receive mail may be restricted only for legitimate penological interests. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Turner v. Safley, 482 U.S. 78, 89 (1987). However, a single interference with the delivery of an inmate's personal mail, without more, does not rise to the level of a constitutional deprivation. See Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995), abrogated on other grounds by Lewis v. Casey, 518 U.S. 343 (1996); see also, Morgan v. Montayne, 516 F.2d 1367 (2d Cir. 1975).

Plaintiff seeks to impose liability on defendants for the interference with, and destruction of, a single piece of mail. Because a single interference with the delivery of an inmate's personal mail, without more, does not rise to the level of a constitutional deprivation, plaintiff's complaint will be dismissed for failure to state a plausible claim for relief.

**IV.     Leave to Amend**

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  See Grayson v. Mayview State Hosp , 293 F.3d 103, 108 (3d Cir. 2002).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  The United States Supreme Court, however, has stated that leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182;  see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir.  2000) (summarizing factors to consider under Rule 15).  Given the facts alleged by plaintiff, allowing him to amend would be futile.

## V.      **Conclusion**

Based on the foregoing, plaintiff's complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order accompanies this Memorandum.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:      July 3, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK A. NIXON,** | : | **CIVIL ACTION NO. 1:12-CV-1154** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **JOHN WETZEL, SECRETARY OF PA DOC, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 3rd day of July, 2012, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. Plaintiff's motion to proceed without full prepayment of fees and costs (Doc. 2) is granted for the sole purpose of the filing of this action, and the complaint is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. Plaintiff's motion to appoint counsel (Doc. 8) is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                           S/ Christopher C. Conner  
                                           CHRISTOPHER C. CONNER  
                                           United States District Judge